```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RITA'S WATER ICE FRANCHISE            :
COMPANY, LLC,                         :
                                      :
              Plaintiff,              :   CIVIL ACTION
                                      :
     v.                               :   No. 08-cv-2011
                                      :
SIMPLY ICES, INC., DJL 14 LLC,        :
DAVID LOEWENSTEIN, and                :
JENNY LOEWENSTEIN,                    :
                                      :
              Defendants.             :
```

MEMORANDUM AND ORDER

Joyner, J.                                    September 30, 2008

This civil action is now before the Court on Motion of the Plaintiff to Confirm the Arbitration Award pursuant to Local Rule of Civil Procedure 53.2(6).  For the reasons set forth below, the motion is granted in part and denied in part.

**Factual Background**

In June 2003, Defendants, David and Jenny Loewenstein, became individual franchisees of Plaintiff, Rita's Italian Ice ("Rita's"),[1] by signing a franchise agreement with Rita's.  Pl. Exh. A.  An Arbitration Provision was clearly contained in the

---

[1]Defendants contend that they originally signed the Agreement with "Rita's Water Ice Franchise Corporation" and later dealt with "Rita's Water Ice Franchise Company LLC."  It appears that "Rita's Water Ice Franchise Corporation" became "Rita's Water Ice Franchise Company LLC."

1

contract.  Id. at ¶ 25.  Soon after, David and Jenny Loewenstein began contracting to purchased property at 200 Ronkonkoma Ave., Lake Ronkonkoma, NY, and negotiated with Rita's to allow this site to be used for a Rita's franchise.  Rita's gave their preliminary approval for the site on September 10, 2004, and the defendants purchased the property.  David and Jenny Loewenstein then assigned their franchise agreement to their solely owed corporation, Simply Ices., Inc., a New York state corporation, and proceeded to operate a Rita's at 200 Ronkonkoma Ave.  In December of the same year, David and Jenny Loewenstein formed "DJL 14 LLC" to manage and operate the property at 200 Ronkonkoma Ave.

A dispute arose in 2007 as to the uses of the property which served as a location for a Rita's and a Soups To Go.  Rita's served a "Demand for Arbitration" for breach of contract in accordance with the contractual agreement on February 9, 2007 and an Amended Demand for Arbitration on May 4, 2007, on David and Jenny Loewenstein, Simply Ices, and DJL 14 LLC.  Defendants then filed a counterclaim against Rita's.  A hearing was held on October 8, 2007, and an preliminary injunction was issued against the defendants based on breach of contract.  On March 11, a final hearing was held in the matter.  On April 4, 2008, the arbitrator, Mr. Kapustin, entered a final award in

   favor of Rita's enjoining the defendants from operating a

2

Rita's at that location and awarding Rita's $131,165.40 in damages, $38,858 in attorneys fees and $9,549.50 in administrative costs and fees.  Rita's filed a Motion to Confirm Arbitration Award with this Court on August 25, 2008, and defendant responded on September 11, 2008, opposing the motion.

In the defendants' opposition to the motion they claim that violations of the Federal Arbitration Act (FAA) 9 U.S.C. § 10(a) should serve as grounds to vacate the award.  Defendants cite the following grounds for vacatur: (1) Arbitrator failed to insure that relevant information and documents were made available to the respondent (defendants) and set improper limitations on discovery requests resulting in a violation of 9 U.S.C. § 10(a)(3); (2) Arbitrator denied defendants' request for a postponement resulting in a denial of fundamental fairness violating 9 U.S.C. § 10(a)(3); (3) Arbitrator stepped beyond his jurisdiction in binding alleged non-signatory, DJL 14 LLC, violating 9 U.S.C. § 10(a)(4); (4) Arbitrator improperly ruled on preliminary issues without having received a copy of the contract violating 9 U.S.C. § 10(a)(4); (5) Arbitrator gave an impression of possible bias in his comments towards defendants and in his acceptance of an alleged ex-parte letter from plaintiffs violating 9 U.S.C. § 10(a)(2); (6) Arbitrator allowed allegedly "false testimony" amounting to fraud violating 9 U.S.C. § 10(a)(1).

**Standard of Review**

Arbitration, of course, is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit.  <u>AT &T Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643, 648-649, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986).  In this case, the evidence is clear that the Agreement's signatories agreed to submit their claims to binding arbitration before the American Arbitration Association.  The contract also states that the "right and duty of the parties to this Agreement to resolve any disputes by arbitration shall be governed by the Federal Arbitration Act, as amended."  Pl. Exh. A, p. 37.

The relevant section, 9 U.S.C. §9, of the Federal Arbitration Act (FAA) provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.

Under §10(a) of the FAA,

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration–
> > (1) Where the award was procured by corruption, fraud or undue means.

>   (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
>   (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>   (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

In light of the FAA and common law, court review of arbitration awards are "extremely deferential" and presents a high hurdle for the party challenging the award. Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003). The Third Circuit has held that vacatur is appropriate only in "exceedingly narrow circumstances." See Id.; 9 U.S.C. § 10. Hence, the listed justifications for vacatur in 9 U.S.C. § 10(a) will be strictly construed in line with this Court's extreme deference to the arbitration award.

## Discussion

**Count 1: Evidentiary Violations**

Defendants allege that plaintiff was directed on several occasions by the arbitrator to produce relevant information but failed to do so. Def. Oppos. Mot ¶ 66. Defendants claim that they planned to use this information in their defense to Rita's breach of contract claims.[2] Additionally, defendants allege that

---

[2] The information requested related to the locations of other Rita's franchises that shared their locations with another business. Defendants hoped to show that the practice was common

the arbitrator's decision to limit discovery of certain documents to the period during which "Rita's used the Franchise Agreement that it used with the Respondent" was arbitrary and capricious. Def. Exh. 17.  Defendants argue that under 9 U.S.C. § 10 (a)(3) the arbitrator's actions prejudiced their case.

In deciding whether the failure of the arbitrator to insure evidence is made available to the defendants constitutes grounds for vacatur, the Third Circuit has held that "an arbitrator's refusal to hear evidence must not be simply an error of law, but also must so affect the rights of a party as to deprive him of a fair hearing." Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 397 F.2d 594, 599 cert. denied, 393 U.S. 954, 89 S. Ct. 378, 21 L. Ed. 2d 365 (1968).  This standard has been applied not only to refusals to hear evidence, but in a case where one party failed to produce a witness at the hearing.  See Lucas v. Philco-Ford Corp., 399 F. Supp. 1184, 1191 (E.D. Pa. 1975) (analyzing the failure of a witness to show up under the Newark Stereotypers' Union standard).  In Lessin v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 375 U.S. App. D.C. 317, 481 F.3d 813, 818 (D.C. Cir. 2007), the court found that "[e]very failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's

---

and was not grounds for breach of contract.  Def. Oppos. Mot. ¶ 53-54.

award." (quoting Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Local 901, 763 F.2d 34, 40 (1st Cir. 1985)).  Taking this a step farther, the court in Smith Breslin & Assocs. v. Meridian Mortg. Corp., 1997 U.S. Dist. LEXIS 3910, *16, 1997 WL 158119, *6 (E.D. Pa. Mar. 31, 1997), found that "[e]ven where the arbitrator has failed to hear some relevant evidence, that failure will not warrant vacatur absent substantial harm." (citing Fine v. Bear, Stearns & Co. Inc., 765 F. Supp. 824, 829 (S.D.N.Y. 1991)).  Notably, this Court recognizes that the court in Chevron Transport Corp. v. Astro Vencedor Compania Naviera, S. A., 300 F. Supp. 179, 181 (S.D.N.Y. 1969), found that

> [t]he absence of statutory provision for discovery techniques in arbitration proceedings obviously does not negate the affirmative duty of arbitrators to insure that relevant documentary evidence in the hands of one party is fully and timely made available to the other side before the hearing is closed. In my view, a failure to discharge this simple duty would constitute a violation of subparagraph (c) of Section 10, . . . where a party can show prejudice as a result.

However, even in Chevron, the respondents were unable to show prejudice because they made only conclusory statements and failed to provide how they were specifically prejudiced as a result of the arbitrator's lack of information.  Additionally, ships' logs were the documents in question and the court referred to them as "perhaps the most important items of documentary evidence . . . ."  Id.  Hence, while this court recognizes the need for an

arbitrator to review relevant evidence, it notes equally that the evidence in question must be of upmost importance and the harm resulting of substantial nature.

In this case, defendants argue that they were not able to present photographic evidence of all the Rita's businesses that share a location with another enterprise; however, by defendants' own admission, they were able to give examples of locations where such practices took place. Def. Mot. ¶ 18. Thus, while Rita's was asked by the arbitrator for this information, he evidently did not find that the absence of supplemental information was necessary for his decision. As the defendants were able to provide examples of Rita's locations that shared their property and signage with other businesses, they were able to defend themselves and were not subject to "substantial harm" justifying vacatur. Smith Breslin & Assoc., 1997 U.S. Dist. LEXIS 3910 at *16. In regards to their contention that discoverable material should not have been limited, this Court does not find that this apparently reasonable limitation prejudiced the parties and notes that even if the limitation was unreasonable that "an award will not be vacated because of an erroneous ruling by arbitrators, which does not affect the fairness of the proceeding as a whole." Newark, 397 F. 2d at 600. Accordingly, this court does not find that defendants have shown evidence of clear prejudice or that they were deprived of a fair hearing in this regard.

8

**Count 2: Failure to Grant a Hearing Postponement**

Defendants argue that they were unjustly denied a postponement of a preliminary injunction hearing, resulting in fundamental unfairness under 9 U.S.C. § 10(a)(3).  Plaintiff contends that the preliminary injunction hearing was delayed twice at the request of defendants and was ultimately held more than seven months after the original demand for arbitration.  Pl. Exh. C ("Award of Arbitrator").

Under 9 U.S.C. § 10(a)(3), a refusal to postpone a hearing can be grounds for vacatur.  However, due to the expeditious nature of arbitration, "[a]n arbitrator's decision to not postpone a hearing falls within the broad discretion of the arbitrator and will not be disturbed if there is a reasonable basis for the decision." United Steelworkers of America, AFL-CIO-CLC v. Building & Constr. Trades Dep't, 1996 U.S. Dist. LEXIS 15276, *23, 1996 WL 596158, *9 (E.D. Pa. Oct. 17, 1996) (quoting Roche v. Local 32 B-32J, 755 F. Supp. 622, 625 (S.D.N.Y. 1991)). For the denial of postponement to be unreasonable, it must place an unjust burden on the party requesting postponement. See Coastal Gen. Constr. Servs. Corp. v. V.I. Hous. Auth., 98 Fed. Appx. 156, 158 (3d Cir. 2004) (affirming an award vacatur because claimant gave respondent an amended complaint and volumes of supporting documents the day before the arbitration hearing and arbitrator refused to grant a postponement).  In this instance it

appears reasonable that, in the interest of the expeditious nature of arbitration, the arbitrator declined to continue the preliminary injunction hearing for a third time.  Finally, this postponement concerned a preliminary injunction hearing and defendants have not provided any evidence that they were ultimately prejudiced by this denial in the final award that they are specifically challenging here.

**Count 3: Jurisdiction over DJL 14 LLC**

Defendants argue that by specifically finding that DJL 14 LLC was an alter ego of David Loewenstein, and thereby finding DJL 14 LLC jointly and severally liable in the award, the arbitrator exceeded his powers and created a defect in the proceedings necessitating vacatur under 9 U.S.C. § 10(a)(4).

While the authority of an arbitrator to make decisions regarding the arbitability of a technical non-signatory to a contract had been in question in the Third Circuit,[3] recent cases

---

[3] In 1991, the Third Circuit concluded in Eichleay Corp. v. Int'l Ass'n of Bridge, 944 F.2d 1047, 1059 (3d Cir. 1991), that "the arbitration panel properly considered whether Eichleay created an alter ego company to avoid Eichleay's responsibilities under the collective bargaining agreement."  Hence, it appeared that certain determinations as to alter egos were proper for arbitrators.  However, district courts have interpreted this conclusion quite strictly.  For example, International Ass'n of Heat & Frost Insulators & Asbestos Workers Local Union 42 v. Absolute Environmental Services, Inc., 814 F. Supp. 392, 404 (D. Del. 1993), distinguished Eichleay Corp., explaining "Eichleay stands for the proposition that when an employer, who is a party to a collective bargaining agreement, funnels work to its

have supported judicial review of these decisions in order to avoid forcing binding arbitration upon parties who never agreed to arbitrate.  In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995), the Supreme Court held that if a non-signatory to a contract with an arbitration clause did not clearly agree to submit the question of arbitrability to arbitration, this question was subject to independent review by the courts.  The Court ultimately concluded that "the district court and not the arbitration panel must decide the question of arbitrability-- that is, the question whether a certain dispute is subject to arbitration under the terms of a given agreement--unless the parties clearly and unmistakably have agreed that the arbitrator should decide arbitrability."  China Minmetals Materials Imp. & Exp. Co., Ltd. v. Chi Mei Corp., 334 F.3d 274, 280-281 (3d Cir. 2003).  In Marciano v. Mony Life Ins. Co., 470 F. Supp. 2d 518, 526, n. 12 (E.D. Pa. 2007), the court stated plainly,

> If A and B have an agreement to arbitrate any dispute that arises between them, there is a presumption that, if a dispute arises between them, the dispute is within the scope of the agreement. However, if a dispute arises between A and C, even if B and C are closely related, there is no "presumption" that A has agreed to arbitrate its dispute with C.

---

subsidiary in an effort to avoid the employer's obligations under the collective bargaining agreement, an arbitrator has the power to find the employer, who is the party to the collective bargaining agreement, liable for breach thereof."

11

Specifically in reference to alter egos, the court in Nissho Iwai Corp. v. Mizushima Marinera, S.A., 1996 U.S. Dist. LEXIS 22456, *11-14, 1996 WL 904562, *4 (D.N.J. Apr. 23, 1996), held that "a federal court will not be bound by an arbitrator's determination of the alter ego issue (unless the alleged alter ego clearly concedes to the arbitrator that he is an alter ego); a defendant is entitled to an independent judicial decision on that issue." (citing First Options, 514 U.S. at 945; Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 n.27 (3d Cir. 1994) (internal citations omitted)).  Hence, "Because the issue as to whether [a respondent] was a party to the arbitration agreement is an issue of arbitrability, the court must make an independent determination."  HSM Constr. Servs. v. MDC Sys., 239 Fed. Appx. 748, 752 (3d Cir. 2007) (citing First Options, 514 U.S. at 943-45).

In this case, DJL 14 LLC was clearly not a signatory to the original contract between Rita's and David and Jenny Loewenstein. Pl. Exh. A.  Further, DJL 14 LLC was not a signatory to the assignment of the contract from David and Jenny Loewenstein to Simply Ices, Inc.  Def. Exh. 7.  Defendants initially objected to the arbitrator's jurisdiction over DJL 14 LLC and maintained this objection throughout proceedings.  However, Mr. Kapustin ruled that DJL 14 LLC was an alter ego of David Loewenstein and refused to dismiss DJL 14 LLC as a party to the arbitration.  Tractenberg

Decl. ¶ 6.  As explained above, this Court and not the arbitrator, must decide whether DJL 14 LLC is, in fact, the alter ego of David Loewenstein.  See <u>N.J. Carpenters Funds v. Engineered Framing Sys.</u>, 2008 U.S. Dist. LEXIS 5536, *8-9, 2008 WL 230590, *3 (D.N.J. Jan. 25, 2008).  A factual analysis is then needed to determine whether DJL 14 LLC can be bound.[4]  However, the record provided to this Court as to the alter ego determination is extremely slim and does not provide it with sufficient evidence to render a judgment as to whether DJL 14 LLC is an alter ego and should be bound by the arbitration award.  Hence, the arbitration award as it applies to DJL 14 LLC is vacated.  Rita's is free to pursue litigation with DJL 14 LLC outside of the arbitration process, but absent a court determination of DJL 14 LLC's alter ego status, the award cannot be enforced against them.

**Count 4: Arbitrator Misconduct Concerning Preliminary Rulings**

---

[4]"When determining whether one corporation is the alter ego of another for this purpose, courts will consider the existence of many indicators of such a scheme: gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of the debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of the officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder." <u>N.J. Carpenters Funds</u>, 2008 U.S. Dist. LEXIS 5536 at *9-10 (citing <u>Pearson v. Component Tech. Corp.</u>, 247 F.3d 471, 484-85 (3d Cir. 2001)).

Defendants allege that Mr. Kapustin made pre-hearing rulings without having read the Uniform Franchise Offering Circular (UFOC), the contract in question, resulting in an abuse of arbitral power under 9 U.S.C. § 10(a)(4).  It does not appear that defendants are arguing that the final arbitration award, the award specifically in question here, was not based on the Agreement.  This Court cannot vacate arbitration decisions that arguably came out of the contract.  The Supreme Court has held in this matter that, "[a]s long as the arbitrator is *even arguably construing or applying the contract* and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987) (emphasis added).  Hence, this Court will not disturb an award where the defendants only allege improprieties with preliminary rulings and the award itself, as here, is arguably based on the Agreement.

**Count 5: Bias and Evident Partiality**

Defendants allege that the arbitrator made demeaning comments to them because they were representing themselves pro se, resulting in a violation of 9 U.S.C. § 10(a)(2). Additionally, they argue that the arbitrator had improper contact with the opposing party prior to the first hearing.  Def. Oppos.

Mot. ¶ 107.  In order to substantiate this claim, defendants must show that "a reasonable person would have to conclude that the arbitrator was partial" to the other party. Smith Breslin & Assoc., 1997 U.S. Dist. LEXIS 3910 at *11 (citing Apperson v. Fleet Carrier Corp., 879 F.2d 1344, 1358 (6th Cir. 1989)). Further, the statute requires proof of circumstances "powerfully suggestive of bias." Id. at *12 (quoting Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 681-82 (7th Cir.), cert. denied, 464 U.S. 1009, 78 L. Ed. 2d 711, 104 S. Ct. 529 (1983)). Finally, "[t]he party challenging the award must demonstrate that the arbitrator had a pecuniary or personal interest in the proceedings that would have biased his judgment."  Id. at *12 (citing  Sheet Metal Workers International Assoc. Local Union # 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 745 (9th Cir. 1985)).  Defendants argue only that Mr. Kapustin made unnamed disparaging remarks to them and allowed the plaintiff more leeway in the proceedings, but there is no concrete evidence of interest or partiality.  Additionally, it is well-settled that "procedural questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."  John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 11 L. Ed. 2d 898, 84 S. Ct. 909 (1964).  Hence, a decision by Mr. Kapustin to review a letter from the plaintiff in discovery will not be disturbed by this Court.  Given this extremely high standard, Mr. Kapustin's

actions do not rise to the level of bias and are not grounds for vacatur.

**Count 6: False Testimony, Fraud and Undue Means**

Finally, defendants allege that testimony given at the final hearing "would amount to nothing but false testimony" and should be considered fraud within the meaning of 9 U.S.C. § 10(a)(1). Def. Oppos. Mot. ¶ 112. Defendants further claim that this evidence renders the decision "palpably faulty." Def. Oppos. Mot. ¶ 113. Though a court may vacate an award due to fraud, to establish such a claim, defendant must provide clear and convincing evidence of the fraud and "must show that due diligence could not have resulted in discovery of the fraud prior to arbitration." Bolick v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 2006 U.S. Dist. LEXIS 3307, *9, 2006 WL 2290380, *3 (E.D. Pa. Jan. 30, 2006) (quoting Foster v. Turley, 808 F.2d 38, 42 (10th Cir. 1986)). Defendants in this case only generally assert that the witness testimony was fraudulent. Additionally, defendants consciously chose not to attend the hearing in question and, as a result, have provided no evidence of fraud from the actual hearing. Given the narrow review of arbitration awards, this Court will not vacate an arbitration award based on unsubstantiated allegations of fraud.

For the foregoing reasons, this Court VACATES the arbitration award of April 4, 2008, as it applies to DJL 14 LLC and CONFIRMS the award in all other respects.

An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RITA'S WATER ICE FRANCHISE       :
COMPANY, LLC,                    :
                                 :
          Plaintiff,             :    CIVIL ACTION
                                 :
     v.                          :    No. 08-cv-2011
                                 :
SIMPLY ICES, INC., DJL 14 LLC,   :
DAVID LOEWENSTEIN, and           :
JENNY LOEWENSTEIN,               :
                                 :
          Defendants.            :
```

ORDER

AND NOW, this   30th   day of September, 2008, upon consideration of Plaintiff's Motion to Confirm the Arbitration Award, and responses thereto, for reasons set forth in the attached Memorandum, it is hereby ORDERED pursuant to 9 U.S.C. §§ 9 & 10 that the Motion is GRANTED IN PART AND DENIED IN PART, as follows:

(1) Plaintiff's Motion to Confirm Arbitration Award is DENIED as to the defendant DJL 14 LLC.  The Arbitration Award is hereby vacated as to DJL 14 LLC.

(2) Plaintiff's Motion to Confirm Arbitration Award is GRANTED in all other respects.  Judgment is entered in favor of Rita's Water Ice Franchise Co. LLC against Simply Ices, Inc., Jenny Loewenstein and David Loewenstein jointly and severally in the amount of $179,572.90, plus costs and fees.

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER, J.